IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DENISE DODSON**,

**Petitioner,**

**v.**                                                                                                              **No. 16-1044-DRH**

**UNITED STATES OF AMERICA,**

**Respondent.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

This matter is before the Court on Dodson's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 1). The government opposes the motion (Doc. 3). Based on the following, the Court denies the motion. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a

hearing). *Id.* at 649. The decision is a discretionary one. *Id.* at 653; *Jackson,* 953 F .2d at 1071.

On April 23, 2014, the grand jury charged Dodson with conspiracy to commit bank robbery and bank robbery in an indictment. *See United States v. Dodson*, 14-CR-30066-DRH, Doc. 1. On August 19, 2015, without the benefit of a plea agreement, Dodson plead guilty to the charges in the indictment. *Id.* at 56, 57 & 58. On October 9, 2015, the Court sentenced Dodson to 60 months imprisonment on Count 1 and 70 months on Count 2 to run concurrently. *Id.* at 65 & 69. Prior to the sentencing, Dodson filed objections to the Presentence Investigation Report ("PSR") arguing for a decrease in offense level for a mitigating role in the offense. During sentencing, the Court overruled that objection and declined to apply a mitigating role adjustment. Dodson did not appeal her sentence or conviction.

On September 16, 2016, Dodson filed this Section 2255 petition arguing in three claims that she is entitled to a "minor role" reduction based on a recent amendment to the advisory federal sentencing guidelines manual. Specifically, Dodson relies on Amendment 794 which amended § 3B1.2 of the United States Sentencing Guidelines and took effect on November 1, 2015 (after Dodson's sentencing and judgment). The government opposes the motion (Doc. 3). The Court turns to the merits of the motion.

## 28 U.S.C. § 2255 Standard

"[R]elief under § 2255 is an extraordinary remedy because it asks the district

court essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under Section 2255, relief "is available when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum allowed by law, or it is otherwise subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)(quoting 28 U.S.C. § 2255). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)(Section 2255 motion is "neither recapitulation of nor a substitute for a direct appeal.")(citation omitted). As such, if a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the Court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal. *See Sandoval v. United States*, 574 F.3d 847, 850-51 (7th Cir. 2009); *Torzala*, 545 F.3d at 522.

## Analysis

In this case, Amendment 794 is not applicable to persons already sentenced. Sentencing courts utilize the Guideline manuals in effect on the date the defendant is sentenced. U.S.S.G § 1B1.11. The applicable policy statements provide that a reduction is authorized only when a *retroactively applicable* Guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G § 1B1.10(a)(2)(B). Section 1B1.10 lists all Guideline Amendments that the

Sentencing commission has made retroactively applicable to defendants on collateral review, rather than direct appeal, and Amendment 794 is not listed in § 1B1.10 as retroactively applicable. Because Amendment 794 is not retroactively applicable, Dodson is not entitled to relief and her motion must be denied.

Dodson has not shown that her sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, the Court rejects Dodson's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Dodson's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,*

537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

### Conclusion

Accordingly, the Court **DENIES** Dodson's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The

Court **DISMISSES with prejudice** this cause of action. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same. Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 10th day of November, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.11.10 16:23:05 -06'00'

**United States District Court**